UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MODIS, INC.<br>   Plaintiff,<br><br>V.<br><br>TRISHA BARDELLI, ET AL.<br>   Defendants. | CASE NO. 3:07-CV-01638 (WWE)<br><br><br>JANUARY 18, 2008 |

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

  Defendants Trisha Bardelli and Edge Technology Services, Inc. submit the instant reply memorandum in further support of their Motion to Dismiss dated December 28, 2007 (doc. # 20).  Herein, Defendants respond briefly to the arguments raised in Plaintiff's Response to Defendant's Motion to Dismiss filed on January 11, 2008 (doc. # 23) (Plaintiff's "Response").  As discussed further below, Plaintiff's Response fails to overcome the numerous grounds for dismissal advanced by Defendants as discussed in Defendants' initial memorandum of law in support of their Motion to Dismiss (doc. # 21) (Defendants' "Memorandum").  Accordingly, Counts One, Five, Six, Eight and Nine of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that they fail to state claims upon which relief may be granted, and Edge Technology Services, Inc. should, therefore, be dismissed as a defendant in this matter.

**I.     ADDITIONAL BACKGROUND**

Plaintiff only recently produced to Defendants a copy of an Agreement to Arbitrate Claims ("Arbitration Agreement") executed on March 15, 2004 by Bardelli and Modis' then-Managing Director, Andrew Case, a copy of which is attached hereto as Exhibit A.  In relevant part, the Arbitration Agreement provides "Modis and Employee will settle by final and binding arbitration all statutory, contractual and/or common law claims or controversies ("claims") that Modis may have against Employee, or that Employee may have against Modis." Ex. A ¶ 3.  The Arbitration Agreement further provides that "[t]he Agreement, however, will not apply to . . . claims by either party for injunctive and/or other equitable relief (remedies requiring a court's rapid injunctive power), *e.g.* breach of non-compete or non-disclosure covenants, as to which the parties may seek and obtain relief from a court of competent jurisdiction as provided by law." Id. ¶ 4.

For the Court's information, Defendants have demanded Plaintiff's compliance with the Arbitration Agreement and that Plaintiff arbitrate its dispute with Defendants.[1]  Plaintiff is considering Defendants' demand.  Should Plaintiff refuse to comply with Defendants' demand in this regard, Defendants will move to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

---

[1] Defendants acknowledge the Court's authority to entertain a motion for preliminary injunctive relief in aid of the arbitration and do not, therefore, seek to circumvent the scheduled preliminary injunction hearing on the basis of the Arbitration Agreement.  Should the Court conclude that it lacks subject matter jurisdiction over this entire matter following the dismissal of Count One of the Complaint, however, the scheduled preliminary injunction hearing should not go forward.

## II.    STANDARD OF REVIEW

In its Response, Plaintiff maintains that the allegations of the Amended Complaint (the "Complaint") meet the pleading standards recently iterated by the U.S. Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007). The pleading standards set forth in <u>Twombly</u>, however, still require a level of notice which Plaintiff's operative pleading does not meet.  In this regard, <u>Twombly</u> makes clear:

> We alluded to the practical significance of the Rule 8 entitlement requirement in <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005), when we explained that something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with "'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.'" <u>Id.</u>, at 347, 125 S. Ct. 1627,  161 L. Ed. 2d 577 (quoting <u>Blue Chip Stamps v. Manor Drug Stores</u>, 421 U.S. 723, 741, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975)). So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting <u>Daves v. Hawaiian Dredging Co.</u>, 114 F. Supp. 643, 645 (Haw. 1953)) . . . .

<u>Twombly</u>, 127 S. Ct. at 1966.

As discussed further below, the allegations of Plaintiff's Complaint fail to establish the requisite basic elements of the challenged claims. Under such circumstances, as directed by <u>Twombly</u>, this Court should dismiss the deficient claims in order to foreclose further expenditure of time and money by the parties and the court.

a48562.doc                                                  3

**III.    ARGUMENT**

The Plaintiff's Response does not overcome the numerous proffered grounds for dismissal of the challenged counts of the Complaint.

    A.    <u>Count One: Computer Fraud and Abuse Act</u>

As an initial matter, Defendants noted in their Memorandum that the Court's subject matter jurisdiction was implicated by Plaintiff's failure to meet the jurisdictional requirements of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, <u>et seq.</u> (the "Act"), thereby depriving this Court of federal question jurisdiction.  In response to this issue, during the status conference held with the Court on January 3, 2008, Plaintiff's counsel stated his intention to amend the Complaint to allege diversity jurisdiction as a basis for this Court's jurisdiction. To date, Plaintiff has not done so, and, in fact, may not be able to meet the requisite jurisdictional requirement of damages exceeding $75,000.  In the event that the Court dismisses Count One of the Complaint, in light of Plaintiff's failure to plead an adequate alternate basis for this Court's jurisdiction, Defendants move that this action be dismissed in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.  <u>See</u> U.S.C. §§ 1331, 1332; <u>Da Silva v. Kinsho Int'l Corp.</u>, 229 F.3d 358, 363 (2d Cir. 2000) (explaining that to come within the subject matter jurisdiction of the federal courts, as set forth in 28 U.S.C. §§ 1331 and 1332, a plaintiff must plead either a colorable claim arising under the Constitution or laws of the United States, or a claim between parties of diverse state citizenship with damages that exceed $ 75,000).

With respect to the sufficiency of Plaintiff's claim under the Act, Plaintiff's Response does not overcome the shortcomings of such claim as discussed in Defendants' Memorandum. None of the additional allegations cited at pages 4-5 of the Response suggest that Bardelli *herself* engaged in any wrongful conduct involving interstate or foreign communication.[2] Indeed, the cases cited by Defendants at pages 6-7 of their Memorandum confirm that such interstate or foreign communication is a necessary component in order to prevail in a claim under the Act, and Plaintiff has offered no authority to the contrary.

With respect to the "without authorization" element of the claim, Plaintiff's allegations in this regard are essentially identical to those found inadequate in the well-reasoned Diamond Power Int., Inc. decision discussed at pages 8-10 of Defendants' Memorandum.[3]

Finally, Plaintiff's analysis of its claimed harm completely ignores the $5,000 jurisdictional "loss" requirement as interpreted by the Second Circuit Court of Appeals in Nexans Wires S.A. v. Sark-USA, Inc., 166 Fed. Appx. 559 (2d Cir. 2006), and discussed at pages 11-13 of Defendants' Memorandum. Regardless of whether Plaintiff ultimately can recover as "damages" compensation for the alleged harm to its competitive advantage, Plaintiff must

---

[2] Plaintiff's belated notation in its Response, at p. 5 n.1, that its email server and COSMOS database are housed in Florida does not satisfy Plaintiff's pleading obligations, nor does it in itself establish the requisite interstate nexus with Bardelli's subject conduct in any event.

[3] Modis' assertion (not alleged in the Complaint) that Bardelli's intended use of the subject information violated company policy does not change the fact that she was permitted access to the information in the first place, which is the critical factor in determining whether the alleged use was "without authorization" or "exceed[ed] authorized access".

first establish that it suffered "losses" in excess of $5,000 based solely on the costs of analyzing or restoring the computer information and revenue lost due to interruption of service. Nowhere in Plaintiff's Complaint, or in its Response, does Plaintiff suggest that it suffered these types of losses, without which, Plaintiff lacks standing to raise a claim under the Act. See Nexans Wires S.A. v. Sark-USA, Inc., 319 F. Supp. 2d 468, 474-478 (determining that revenue lost because a defendant used unlawfully gained information to unfairly compete was not a type of "loss" contemplated under the Act), aff'd, 166 Fed. Appx. 559 (2d Cir. 2006).

      B.     Count Five: Implied Covenant of Good Faith and Fair Dealing

Plaintiff's citation in its Response to allegations of a "scheme" to misappropriate Modis' proprietary information does not constitute "bad faith" as required under Connecticut law. Defendants rely upon the arguments and citations put forth at pages 13-14 of their Memorandum in support of dismissal of this Count.

      C.     Count Six: Conversion

Plaintiff's suggestion that its intangible property rights are properly the subject of a conversion claim because they are evidenced in Bardelli's employment agreement and email transmissions is without merit. The types of documents that evidence intangible property rights, making them subject to the tort of conversion, are those where the property right itself "depend[s] upon the document for [its] enjoyment (i.e., stock certificates, rights to payment evidenced by a check)". Zanker Group, LLC v. Summerville at Litchfield Hills, LLC, Docket

No. UWYCV044010223S, 2006 Conn. Super. LEXIS 2149, at * 16 (Conn. Super. Ct. July 18, 2006); see, e.g., Aetna Life & Casualty Co. v. Union Trust Co., 230 Conn. 779, 790 n.6, 646 A.2d 799 (1994) (conversion of trust account); Devitt v. Manulik, 176 Conn. 657, 662-63, 410 A.2d 465 (1979) (conversion applicable to account passbook); Fenn v. Yale Univ., Civil Action No. 3:96CV736 (CFD) (lead), 2005 U.S. Dist. LEXIS 1827, at * 16 n.11 (D. Conn. Feb. 8, 2005) (noting that a patent, as it is evidenced in a document, is properly included within the tort of conversion).

Where, as here, the relationship of the property right sought to be protected to the document is "wholly fortuitous", misappropriation of such property does not give rise to the tort of conversion. Zanker Group, LLC, 2006 Conn. Super. LEXIS 2149, at * 16 (identifying customer names and business goodwill as examples of property whose relationship to a document is "wholly fortuitous", and therefore, not the kind of intangible property rights evidenced in a document that give rise to a conversion claim); see, e.g., Kzs/Brady Lee, Inc. v. Schutz, Docket No. CV065004200S, 2007 Conn. Super. LEXIS 25, at * 1-2 (Conn. Super. Ct. Jan. 29, 2007) (striking conversion count alleging that former employee stole plaintiff's accounts because said accounts do not constitute property for the purposes of conversion). Plaintiff's failure to cite to any authority suggesting such is the case is telling. Indeed, Pepe & Hazard v. Jones, 2002 Conn. Super. LEXIS 3355 (Conn. Super. Ct. Oct. 15, 2002), which Plaintiff attempts to distinguish, addresses this situation directly, expressly noting "[a]lthough the plaintiff accuses the defendants of stealing forms from its

computers, plainly what the plaintiff alleges is that the defendants stole the intangible information or work product contained in the forms and not that the defendants merely stole several pieces of paper." Pepe & Hazard, 2002 Conn. Super. LEXIS 3355, at *6 n.3.  Here, Plaintiff's reliance on Bardelli's employment agreement and email transmissions cannot serve to bring Plaintiff's intangible property rights within the penumbra of rights subject to the tort of conversion.

> D. Counts Eight and Nine: Tortious Interference with Contractual/Business Relations

As in its Complaint, Plaintiff fails in its Response to address the allegedly "tortious" conduct of Defendants, choosing instead to focus on a number of other factors set forth in the Restatement (Second) Torts.[4]  Notably absent from Plaintiff's discussion, however, is an analysis of Defendants' (most particularly, Edge's) tortious—as opposed to merely intentional—conduct.  As illustrated in the cases cited at pages 17-18 of Defendants' Memorandum, Plaintiff's allegations of Defendants' wrongful conduct do not rise to the requisite level of improper motive or means necessary to maintain a claim of tortious interference with contractual/business relations. In light of Modis' failure to allege any tortious conduct on the part of Bardelli or Edge, Counts Eight and Nine of the Complaint must be dismissed.  And because Count Nine is the only count directed toward Edge, Edge must, therefore, be dismissed as a defendant in this action.

---

[4] While Blake does reference the Restatement's definitions of intentional interference with business relations, the Court does not go so far as to adopt the Restatement in this regard, as Plaintiff asserts.  See Blake v. Levy, 191 Conn. 257, 261 (1983).

**IV.     CONCLUSION**

For the reasons set forth in Defendants' Memorandum and above, Counts One, Five, Six, Eight and Nine of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that they fail to state claims upon which relief may be granted, and Edge Technology Services, Inc. should, therefore, be dismissed as a defendant in this matter.  In the event that the Court dismisses Count One of the Complaint, in light of Plaintiff's failure to plead an adequate alternate basis for this Court's jurisdiction, this action should be dismissed in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

DEFENDANTS TRISHA BARDELLI and
EDGE TECHNOLOGY SERVICES, INC.


By:     *s/ Rowena A. Moffett*
        Rowena A. Moffett, Esq. (ct19811)
        BRENNER, SALTZMAN & WALLMAN LLP
        Their Attorneys
        271 Whitney Avenue
        New Haven, Connecticut 06511
        Phone: (203) 772-2600
        Fax: (203) 562-2098
        Email: rmoffett@bswlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

                                      *s/ Rowena A. Moffett*
                                      Rowena A. Moffett