# Exhibit A

# mōdis.

## AGREEMENT TO ARBITRATE CLAIMS

This Agreement to Arbitrate Claims ("Agreement") is entered into by Modis, Inc., including its subsidiaries, affiliates, successors and assigns (hereinafter collectively referred to as "Modis"), and the undersigned, an individual who is currently or will be employed by Modis or one of its subsidiaries or affiliates ("Employee"), on the date set forth below. Any reference in the Agreement to Modis will also be a reference to all subsidiaries and affiliates, and any successors and assigns of any of them, or any of their officers, directors, employees or agents in their capacity as such or otherwise.

### Recitals

1.  Modis and Employee desire to establish and gain the benefits of a timely, impartial and cost-effective dispute resolution procedure and avoid the cost, time, disruption and uncertainty of litigating any dispute through the courts.

2.  Modis seeks to have all of its employees sign an Agreement to Arbitrate Claims as a better way to resolve any disputes which may arise that are covered by this Agreement.

### Terms of Agreement

In consideration of mutual promises set forth in this Agreement, including but not limited to, Modis' employment or continued employment of Employee, new or additional compensation to Employee, specialized training and access to new and different confidential information, any one or more of which Employee acknowledges to be good and sufficient consideration, the parties to this Agreement hereby agree to the following:

3.  **Claims Covered by the Agreement.** Modis and Employee will settle by final and binding arbitration all statutory, contractual and/or common law claims or controversies ("claims") that Modis may have against Employee, or that Employee may have against Modis. Unless otherwise prohibited by law, claims subject to arbitration include, but are not limited to (i) claims for discrimination including, but not limited to, age, sex, pregnancy, race, color, weight, height, religion, disability, marital status, medical condition, national origin, ethnicity, retaliation, sexual harassment, sexual orientation, or any other protected classification; (ii) claims for breach of any contract or covenant (express or implied); (iii) claims for non-payment or improper payment including but not limited to, overtime commissions, bonus, severance or vacation pay; (iv) claims for violation of any federal, state or other governmental law, statute, regulation or ordinance; and (v) tort claims including, but not limited to, negligent or intentional injury, defamation, invasion of privacy and termination of employment in violation of public policy.

4.  **Claims Not Covered by the Agreement.** The Agreement, however, will not apply to (i) claims by Employee for workers' compensation or unemployment insurance (an exclusive government created remedy exists for these claims); (ii) claims which even in the absence of the Agreement could not have been litigated in court or before any administrative proceeding under applicable federal, state or local law; and (iii) claims by either party for injunctive and/or other equitable relief (remedies requiring a court's rapid injunctive power), e.g. breach of non-compete or non-disclosure covenants, as to which the parties may seek and obtain relief from a court of competent jurisdiction as provided by law. The Agreement also will not apply to claims relating to any intellectual property which was conceived, developed or reduced to practice by Employee if all of the following conditions are met: (i) the intellectual property is unrelated to the project or technical work performed by Employee for

___ Employee's Initial

1/30/04

MOD. 31

Modis; and (ii) the intellectual property was not conceived, developed or reduced to practice by Employee during Modis work hours or using Modis' or its client companies' resources or facilities.

5. **Required Notice of Claims and Statute of Limitations.** Arbitration shall be initiated by serving by hand delivery or mailing a written notice to the other party within the limitations or notice filing period provided by applicable law for the particular underlying claim. The arbitration notice shall be deemed served when received by the other party. If the claim is not properly submitted in this time frame, all rights and claims that the complaining party has or may have against the other party shall be waived and void. Any notice to be sent to Employee may be delivered to the most recent address listed in Employee's personnel files. Any notice to be sent to Modis shall be personally delivered or sent by first class mail or overnight courier to Senior Vice President and General Counsel, Modis, Inc., 1 Independent Drive, Jacksonville, Florida 32202, or wherever Modis' corporate headquarters is then located. The notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based.

6. **Arbitration Procedures.** Except as specifically provided herein, the arbitration will be conducted according to the Modis Employment Arbitration Rules and Procedures for Employees (the "Arbitration Procedures") which are available electronically or upon Employee's request. Each party understands that any relief awarded will be at the arbitrator's discretion.

7. **Representation and Arbitrator Fees and Costs.** Each party may be represented in the arbitration by an attorney or other representative selected by the party. Each party shall be responsible for its own attorneys' or representatives' fees and costs, if any. However, if any party prevails on a statutory claim which provides for the prevailing party's attorneys' fees, the arbitrator may award reasonable attorney's fees to the prevailing party. If Employee initiates the arbitration, Employee shall deliver to Modis with the written notice of arbitration, or immediately thereafter, a check payable to the American Arbitration Association ("AAA"), in an amount equal to the lesser of the cost of filing a complaint in either the United States District Court or the state court of appropriate jurisdiction unless Employee can show sufficient indigency to justify the grant of leave to proceed in *forma pauperis* under applicable law. Additional filing fees and all other fees, costs or expenses (except as otherwise described) including, but not limited to, the arbitrator's fees, will be borne by Modis unless otherwise agreed or decided by the arbitrator.

8. **Exclusive Remedy/Waiver of Jury Trial.** Employee and Modis understand that they are waiving the right to claims adjusted in court, including the right to a jury trial. The parties reserve the right to have any arbitration award or ruling reviewed by a court under the Federal Arbitration Act (9 USC §1, et. seq.) or enforced by a court.

9. **Arbitrator to Decide Whether Claims Are Covered by the Agreement.** In the event there is a disagreement between Modis and Employee over whether a particular claim is arbitrable, the selected arbitrator shall decide whether the claim is covered by the Agreement.

10. **Construction.** Should any portion of the Agreement be found to be unenforceable, such portion will be modified to the extent it may be made to conform to the law or it will be severed from the Agreement, and the remaining portions shall continue to be enforceable.

11. **Sole and Entire Agreement.** The Agreement expresses the entire agreement of the parties concerning arbitration and the resolution of disputes and this Agreement shall supersede any particular provision of any other agreement, oral or written, concerning arbitration, to the extent they conflict. The Agreement is not, and shall not be construed to create, any

TAB___ Employee's Initial                           2                                1/30/04

**MOD. 32**

specification of employment, express or implied. Employee understands that he/she is an at-will employee of Modis and nothing in this Agreement shall create any employment relationship between Employee and any client company to which Employee is assigned. The Agreement cannot be modified except in writing signed by Employee and the President of Modis.

12. **Voluntary Execution.** EMPLOYEE ACKNOWLEDGES THAT EMPLOYEE HAS CAREFULLY READ THE AGREEMENT AND UNDERSTANDS ITS TERMS AND AGREES THAT ALL UNDERSTANDINGS AND AGREEMENTS IN THE AGREEMENT ARE CONTAINED IN IT. EMPLOYEE HAS VOLUNTARILY ENTERED INTO THE AGREEMENT WITHOUT RELIANCE ON ANY PROVISION OR REPRESENTATION BY MODIS OTHER THAN THOSE CONTAINED IN THE AGREEMENT AND HAS HAD AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, TO THE EXTENT DESIRED, BEFORE EXECUTING THE AGREEMENT. EMPLOYEE EXPRESSLY ACKNOWLEDGES THAT HE/SHE IS AWARE THAT FEDERAL AND STATE ADMINISTRATIVE AND JUDICIAL REMEDIES EXIST; THAT BY SIGNING THE AGREEMENT, THOSE REMEDIES ARE FOREVER PRECLUDED; AND THAT REGARDLESS OF THE NATURE OF THE EMPLOYEE'S COMPLAINT, THE EMPLOYEE KNOWS THAT THE COMPLAINT CAN ONLY BE RESOLVED BY ARBITRATION. EMPLOYEE FURTHER ACKNOWLEDGES THAT EMPLOYEE HAS BEEN GIVEN A REASONABLE AMOUNT OF TIME TO CONSIDER THE AGREEMENT.

IN WITNESS WHEREOF, the parties to this Agreement have executed this Agreement at Meriden, CT, on this 5 day of March, 20 04.
(city)  (state)

Witness (as to Employee)

Employee

_Trisha Bardelli_
Signature

Trisha Bardelli
Print Name

Witness (as to Employer)

Modis Inc.

Employer Signature

Print Name  Andrew Cass

Title  Managing Director

1/30/04

TAB  Employee's Initial            3

**MOD. 33**